In the Matter of the Arbitration between MARY O'F. MORGAN, Appellant, and NEW YORK POST CORPORATION, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent, and the award of the arbitrator is confirmed. No opinion. Settle order on notice. Present — Peck, P. J., Glennon, Callahan, Van Voorhis and Heffernan, JJ. [See post, p. 942.]

■

IRVING MESSING, Respondent, v. ROBERT NORDBLOM, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Glennon, Callahan, Van Voorhis and Heffernan, JJ.

■

AMERICAN INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY OF ST. PAUL, MINNESOTA, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Dore, Cohn, Van Voorhis and Heffernan, JJ. [See post, p. 940.]

■

SARAH J. WILSON et al., Respondents, v. A. S. WILSON INC. et al., Appellants.— There is in issue on this appeal title to two certificates of stock in the defendant corporation, one for twenty-three shares in the name of plaintiff Sarah J. Wilson and the other for twenty-four shares in the name of defendant Alexander S. Wilson. The adjudication of the trial court that plaintiff Sarah J. Wilson is the owner of the twenty-three shares should be affirmed. The determination that the certificate for twenty-four shares is the property of the corporation, rather than the property of the individual defendant, and the direction that the certificate should be surrendered to the corporation and canceled, should be reversed. The evidence shows that the twenty-four shares were originally owned by the individual defendant and given to two employees of the corporation for services to the corporation. The payments made to those employees by the corporation on the termination of their employment and return of the stock were properly made by the corporation as the services for which the payments were made were rendered to the corporation. The individual defendant was accordingly justified in repossessing himself of the twenty-four shares of stock in question. This stock stands in his name on the books of the corporation and that has been the status of the certificate since at least 1933. We find that the corporate record accords with reality. Judgment unanimously modified so as to delete that part which adjudges that the corporation owns the twenty-four shares and directs the cancellation of the certificate for that stock in the name of the individual defendant and, as so modified, affirmed, without costs. Settle order on notice. Present — Peck, P. J., Dore, Cohn, Van Voorhis and Heffernan, JJ.